In THE MATTER OF THE PETITION OF CHARLES LEWIS AND OTHERS FOR LEAVE TO BE MADE PARTIES PLAINTIFF IN THE ACTION OF ISAAC BIERMAN AND OTHERS *v.* LEWIS C. HAKE AND OTHERS.

*Action to compel an accounting by a general assignee — right of other creditors to come in after judgment and prove their claims — they cannot be compelled to contribute their share of the costs and expenses — costs and expenses of plaintiff, how paid.*

After an action, brought by a judgment creditor to compel a general assignee to account, had been sent to a referee to take and state the accounts of the assignee and ascertain the amounts due and owing to the creditors of the debtor, other creditors applied for an order allowing them to intervene and be made parties plaintiff.

*Held,* that the application was properly denied, as it was not necessary that the applicants should be brought into the action as additional plaintiffs, as the action, though brought by one creditor, was in reality for the benefit of all the other creditors as well as for himself, the judgment in such actions being uniformly required to provide for bringing in all the other creditors and affording them an opportunity to present and prove their demands and participate in the distribution of the estate under the final judgment.

A provision in a judgment entered in such an action, imposing as a condition upon which creditors were to be allowed to come in and prove their claims, that they should contribute their proportion of the costs and expenses of the action to be settled by the referee, is unauthorized and will not be enforced.

*It seems,* that in such a case a proper allowance for the costs and disbursements of the plaintiffs will be made in the final judgment to be paid out of the fund.

APPEAL from an order denying the application of the above-named petitioners to be allowed to intervene and be made parties plaintiff in an action mentioned in the title between Isaac Bierman *et al.*, plaintiffs, and Lewis C. Hake *et al.*, defendants.

On the 15th of November, 1883, Lewis C. Hake and Joseph A. Hake made a general assignment for the benefit of creditors to William H. Zeltner. In the month of February, 1885, the above-mentioned Isaac Bierman *et al.*, creditors of these assignors, brought an action in this court against the surviving assignor and the assignee Zeltner for an accounting. The assignee only answered. On the 13th of October, 1885, an order was made referring it to Marcus Stine to take and state the account of the assignee and, also, the amount due and owing to each of the other creditors of the assignors,

" who shall come in under this order, seek the benefit of this action and contribute to the costs and expenses thereof, such contribution to be settled by the said referee. * * * Such persons, not parties to this action, who shall come in before the said referee to prove their debts shall, before they are admitted as such creditors, contribute their proportion of the costs and expenses of this action to be settled by the said referee." In the latter part of May, 1886, the petitioners asked leave to be made parties plaintiff and to intervene.

*Nathan Lewis*, for the petitioners, appellants.

*Blumenstiel & Hirsch*, for the respondents.

DANIELS, J. :

While it is true that the applicants, as creditors, are interested in the proceedings taken by the plaintiffs in the action to settle the affairs of the assignee for the benefit of creditors, it was still not necessary that they should be brought into the action as additional plaintiffs under the authority given for that purpose by section 452 of the Code of Civil Procedure. The action has proceeded to judgment, and an accounting has been directed and liberty secured to the other creditors to present and prove their accounts. To open the case and add the petitioners as plaintiffs in the action would be to complicate and prolong the litigation without securing any adequate benefit. The rights of all the parties can be as well considered and determined without bringing in additional plaintiffs in the action, as they could be if all the creditors had joined in the action.

In this class of cases the action when brought by one creditor is in reality for the benefit of all as well as himself, and the judgment for the accounting is uniformly required to provide for bringing in all the other creditors and affording them an opportunity to present and prove their demands and participate in the distribution of the estate under the final judgment, and by that judgment all their rights and interests will be declared and protected and a proper allowance made for the costs and disbursements of the plaintiffs in the action. The practice upon this subject was clearly explained in *Kerr* v. *Blodgett* (48 N. Y., 62, 67), and by following it every

possible chance of injustice to either of the creditors will be excluded.

It is true that the judgment in this action, by its language, imposed conditions upon the creditors which the practice required to be followed does not sanction. But as they were not parties in fact to the judgment at the time when it was directed, they cannot be bound by these directions. The plaintiffs had no authority for imposing upon other creditors the payment of any part of the costs or disbursements in the action, as a condition to their right to appear and present and prove their claims. The action could not be carried to a successful determination without affording the other creditors full liberty to present and prove their claims, without subjecting them to the payment of any costs or disbursements whatever. It was the purpose of the litigation to bring in all these parties and to afford them an opportunity to be heard in support of their claims, before a final judgment can regularly be reached, and that the law, notwithstanding the form in which the judgment has been entered, must secure to each of the creditors. If either should be excluded from the right to present and prove his demand without first paying a portion of the plaintiff's costs, no final judgment in the action could be recovered until the erroneous direction excluding the party for that reason should be corrected. As the case has been presented, this right of the creditors to prove their claims, without being restricted as to the terms on which they may come into the case, should be as it has been declared by the court. It will expedite the litigation and prevent embarrassment in finally closing up the estate, and, in the end, whatever costs the plaintiff may be entitled to will be provided for out of the fund benefited and distributed by the proceeding.

The order as it was made was accordingly right, and it should be affirmed, but without costs.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, without costs.